JS-6
LINKS: 1, 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8169 GAF (AJWx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

On August 6, 2012, Plaintiff Kathy Azarbarzin brought the instant action against Defendant Convatech Inc. in Los Angeles County Superior Court, asserting various state causes of action for discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"), violation of California Labor Code § 1102.5, and both intentional and negligent infliction of emotional distress. (Docket No. 1 [Not. of Removal], Ex. A [Compl.].)  Defendant was served on August 22, 2012.  (Not. of Removal ¶ 2.)  Defendant removed the action to this Court on September 21, 2012, alleging this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (Not. of Removal ¶¶ 1–6.)  On September 28, 2012, Defendant filed a motion to dismiss Plaintiff's fifth and sixth causes of action.  (Docket No. 7 [Mot. to Dismiss].)  However, for the reasons set forth below, the Court concludes that Defendant has failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to state court and **DENIES** Defendant's motion to dismiss as **moot**.

LINKS: 1, 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8169 GAF (AJWx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); see also Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (finding that an allegation Plaintiff was "residing in the County of Los Angeles, State of California" failed to establish Plaintiff's citizenship and thus diversity jurisdiction did not exist).

Here, Defendant does not adequately allege the citizenship of the Parties to this action. Both the Complaint and the Notice of Removal state only that Plaintiff is a <u>resident</u> "of the State of California." (Not. of Removal ¶ 4; see Compl. ¶ 9.) As the governing standard makes clear, such an allegation is insufficient to establish citizenship, and thus diversity. Therefore, Defendant has not established federal subject matter jurisdiction in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court. Defendant's motion to dismiss Plaintiff's fifth and sixth causes of action is **DENIED** as **moot**. The hearing scheduled for Monday, October 29, 2012 is **VACATED**.

**IT IS SO ORDERED.**